IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREG'S GREATER CHICAGO CHIROPRACTIC, LLC, on behalf of plaintiff and a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 13 C 6400 |
| v. | ) ) ) | Judge Chang Magistrate Judge Kim |
| MIDWEST NUTRITIONAL SERVICE, INC., and JOHN DOES 1-10, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff Greg's Greater Chicago Chiropractic, LLC ("Plaintiff") respectfully requests that this Court: (i) preliminarily certify a class for settlement purposes; (ii) grant preliminary approval of the Settlement Agreement attached hereto as Appendix A; and (iii) appoint Greg's Greater Chicago Chiropractic, LLC as a Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel.

In support of this motion, Plaintiff states as follows:

1. Plaintiff filed the above-captioned lawsuit against defendant, Midwest Nutritional Service, Inc. ("Midwest" or "Defendant") alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), by sending unsolicited facsimile advertisements to Plaintiff and other members of the nationwide class that did not contain an opt-out notice in the form required by 47 U.S.C. § 227.

2. Approximately 2 months after Plaintiff filed this case, Defendant's insurer, Frankenmuth Mutual Insurance Company ("Frankenmuth") moved for leave to file a petition to intervene in this case and a related motion to stay. Frankenmuth also filed an

1

insurance declaratory judgment action, *Frankenmuth Mutual Insurance Company v. Midwest Nutritional Services, Inc. and Greg's Greater Chicago Chiropractic, LLC,* 13 C 8545 (N.D. Ill.). The motion to intervene or to stay was denied by this Court. (*Dkt. No. 53*)

3. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

4. Based upon this review and analysis, Plaintiff, Defendant, and Frankenmuth entered into the Settlement Agreement, attached hereto as <u>Appendix A</u>.[1]

5. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement, including, without limitation, the following:

    a. <u>Class Certification</u>. The parties agree to the certification of a class, for settlement purposes only, consisting of:

> All persons and entities with fax numbers who on or after September 6, 2009 through and including September 6, 2013, were sent faxes by or on behalf Midwest Nutritional Services, Inc. promoting its goods or services for sale and/or promoting nutritional lectures or seminars, and who were not provided with an opt-out notice as described in 47 U.S.C. § 227.

The parties engaged in discovery, including third-party discovery from j2 Global, Inc. ("j2"), whom Midwest engaged to transmit the faxes that are subject to the parties' Agreement. Midwest also conducted a reasonable investigation and was able to obtain information from both Midwest's records and j2 that reasonably identifies a list of facsimile numbers that Midwest believes would include all facsimile numbers that were sent the faxes at issue in this Litigation.

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

Based on the foregoing information, Midwest estimates that there are approximately 1,613 unique fax numbers ("Fax List"). The total number of successful transmissions sent to Settlement Class Members is unknown.

6. <u>Settlement Recovery</u>. Defendant and its insurer, Frankenmuth, shall collectively fund a $105,000.00 Settlement Fund (hereinafter "the Settlement Fund"). The Settlement Fund will be distributed as follows:

a. Reasonable costs of notice and administration which will be paid from the Settlement Fund up to a maximum of $5,000.00.

b. Plaintiff's counsel's attorney's fees which must be approved by the Court. Plaintiff's counsel shall submit a request for attorney's fees in an amount not to exceed 1/3 of the Settlement Fund after deduction of notice and administration expenses ($105,000.00 Settlement Fund less notice and administrative expenses not to exceed $5,000.00; the attorney's fees petitioned for will not be less than $33,333.33).

c. Plaintiff's incentive award which must be approved by the Court. Plaintiff shall request an award of $4,000.00, as an incentive award for its services as a Class Representative. This amount shall be in addition to any amount Plaintiff may recover as a Settlement Class Member. Similar incentive awards have been approved in this District in other TCPA fax cases. <u>Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Med.-Surgical Supply Co.</u>, 12 C 5608 (N.D. Ill.)(*Dkt. No. 90*) ($5,000.00 and $10,000.00 incentive awards to named plaintiffs); <u>Gress v. Chiropractors Buying Group, Inc.</u>, 10 C 3421 (N.D. Ill.) (*Dkt. No. 84*) ($5,000 incentive award to plaintiff); <u>Bearing Brokers, Inc. v. Gaddis, Inc.</u>, 10 C 5500 (N.D. Ill.) (*Dkt. No. 104*) ($4,500.00 incentive award to plaintiff).

3

d. Each Settlement Class Member who submits a valid claim form will receive a check for their pro rata share of the Settlement Fund. Each Settlement Class Member may recover a maximum of $500.00 per unique fax number, which is consistent with the statutory damages under the TCPA for a non-willful violation.

e. All settlement checks shall be void 60 days from the date of issuance and shall so state on the check. Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient, the Legal Assistance Foundation of Metropolitan Chicago ("LAF"), subject to court approval.

7. <u>Class Notice</u>. The Settlement Agreement provides for notice by facsimile. Several courts both within and outside this District have approved the sending of notice by facsimile in TCPA class action settlements. *See e.g.*, <u>C.E. Design, Ltd. v. King Supply Co., LLC</u>, 09 C 2057, 2012 WL 2976909 (N.D. Ill. July 20, 2012); <u>Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc.</u>, 12 C 780 (N.D. Ill.) (*Dkt. No. 73*) (fax and publication notice); <u>Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Medical-Surgical Supply Co.</u>, 12 C 5608 (N.D. Ill.) (*Dkt No. 90*) (fax notice); <u>Dr. William P. Gress v. Northwood, Inc.</u>, 12 C 7278 (N.D. Ill.) (*Dkt. No. 38*) (fax and mail notice); <u>Able Home Health, LLC v. Healthy Advice Communications, Inc.</u>, 12 C 3019 (N.D. Ill.) (*Dkt. No. 60*) (fax and mail notice); <u>Richard Wade Architects, P.C. v. Engineering Services and Products Company</u>, 11 C 9251 (N.D. Ill.) (*Dkt. No. 58*) (fax notice); <u>City Select Auto Sales, Inc. v. David Randall Associates, Inc.</u>, 11-2658 (JBS/KMW), 2014 WL 413533 (D.N.J. Feb. 3, 2014). <u>Vandervort v. Balboa Capital Corp.</u>, SACV 11–1578–JLS (JPRx), 2014 WL 1274049 (C.D. Cal. March 27, 2014); <u>A & L Industries, Inc. v. P. Cipollini, Inc.</u>, 12-07598, 2014 WL 906180, at *1 (D.N.J. March 7, 2014) (rejecting

arguments that notice had to be served in accordance with Rule 5(b); "Rule 23(c) should supersede because Rule 23(c) addresses class notice specifically, whereas Rule 5 addresses service generally..."). See MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd., 08 C 2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (Court allowed service of summons and complaint to Chinese defendants by email and fax); Fed. R. Civ. P. 4 Commentary provides that a waiver of service may be sent by fax.

The Settlement Agreement provides that within 5 days after entry of the Preliminary Approval Order, Midwest or Midwest's counsel shall provide the Fax List to the Class Administrator. Within 35 days after entry of the Preliminary Approval Order, the Class Administrator shall cause Notice (Exhibit 1 to the Settlement Agreement, and a Claim Form in the form of Exhibit 2 to the Settlement Agreement) to be sent to the facsimile numbers identified on the Fax List. A supplemental notice by fax and/or U.S. Mail (if addresses are ascertainable) will be sent within 21 days of the date that the first Notice is sent to those who have not responded to the initial Notice. Settlement Class Members shall have at least 60 days after the first date on which Notice is sent to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement.

Settlement Class Counsel will also post the Notice in the form of Exhibit 1 to the Agreement, excluding a Claim Form, and the Settlement Agreement (excluding exhibits) on their firm's website, http://www.edcombs.com

The Class Administrator may create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Class Notice (Exhibit 1), Claim Form (Exhibit 2), Preliminary Approval Order, and Settlement Agreement (excluding exhibits). In addition to online claims submission, the Class

Administrator will also accept Claim Forms by U.S. Mail and fax.

8. <u>Class Members' Right to Opt Out</u>. Any member of the Settlement Class may seek to be excluded from the Settlement Agreement and the releases therein by opting out of the Settlement Class within the time period set by this Court. Any member who opts out of the Settlement Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. Class members will have at least 60 days after the first date on which Notice is sent to opt out of the Settlement Agreement.

9. <u>Claim Form</u>. In order to receive the consideration provided under the Settlement Agreement, each Settlement Class Member must timely return a Claim Form which will be provided with the Notice sent via facsimile and/or U.S. Mail. The Class Administrator shall provide Settlement Class Members with the option to return a claim form by U.S. Mail, fax, or through a dedicated website. After the deadline for the receipt of claim forms expires, the Class Administrator will determine the number of valid Claim Forms received. Settlement Class Members may submit Claim Forms for more than one fax number.

10. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Class Counsel and counsel for Defendant a written objection within the time period set by this Court. Any member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Class Members will have at least 60 days after the first date on which actual Notice is sent to object to the Settlement Agreement.

11. <u>If Settlement Agreement Terminated or Not Approved</u>. Prior to the Effective Date, as that date is defined in the Settlement Agreement, if the Settlement Agreement

is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendant reserves all procedural or substantive rights as of the date of execution of the Settlement Agreement.

12. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

a. Rule 23(a)(1) -- Numerosity. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. Kulins v. Malco, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, the Fax List contains 1,613 unique fax numbers. This plainly satisfies the numerosity requirement.

b. Rule 23(a)(2) -- Commonality; and Rule 23(b)(3) - Common Questions of Law or Fact Predominate. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v.

Chicago Board Options Exchange, CCH Fed. Sec. L. Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether Defendant is engaged in a pattern of sending unsolicited facsimile advertisements;

(2) Whether Defendant sent, or caused to be sent, the facsimiles at issue;

(3) Whether Defendant thereby violated the TCPA; and

(4) The manner in which Defendant compiled or obtained its list of facsimile numbers.

The Settlement Class is defined in terms of all persons and entities with fax numbers who on or after September 6, 2009 through and including September 6, 2013, were sent faxes by or on behalf of Midwest Nutritional Services, Inc. promoting its goods or services for sale and/or promoting nutritional lectures or seminars, and who were not provided with an opt out notice as described in 47 U.S.C. § 227.

Several courts have certified class actions under the TCPA. Holtzman v. Turza, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist.

LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd., 679 F.Supp. 2d 894 (N.D. Ill 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Airz. (App.) 94, 50 P.3d 844 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285, 263 P.3d 767 (2011); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577 (Mo. App. 2010).

    c. <u>Rule 23(a)(3) – Typicality</u>. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

  In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely they are persons and entities with fax numbers who on or after September 6, 2009 through and including September 6, 2013, were sent faxes by or on behalf of Midwest Nutritional Services, Inc. promoting its goods or services for sale and/or promoting nutritional lectures or seminars, and who were not provided with an opt out notice as described in 47 U.S.C. § 227.

10

        d.      <u>Rule 23(a)(4) -- Adequacy of Representation</u>.  The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. <u>Rosario v. Livaditis</u>, 963 F.2d 1013, 1018 (7th Cir. 1992).

        Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Edelman, Combs, Latturner & Goodwin, LLC's qualifications are set forth in <u>Appendix B</u>.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

        e.      <u>Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions.  "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." <u>Brady v. LAC, Inc.</u>, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

        The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

13. As set forth above, the total number of successful transmissions sent to the Settlement Class Members is unknown. The total number of unique fax numbers in this case is 1,613. The total theoretical liability based on the number of unique fax numbers because the total number of fax transmissions is unknown would exceed $800,000.00 for a non-willful violation (1,613 x $500.00 = $806,500.00).

Prior to entering into the proposed Settlement Agreement, plaintiff's counsel examined Defendant's financial records, including sales records for several years, and Defendant's insurance policies. Plaintiff's counsel reviewed and evaluated the Defendant's financial and sales records and sought additional explanation from Defendant's counsel regarding specific risks and factors affecting the Defendant's finances, and considered all of the information provided in arriving at a settlement amount that would most effectively compensate the class without pushing Defendant out of business. Defendant is a small business and its

financials demonstrate that it could not satisfy a judgment anywhere near the theoretical liability amount listed above. Because the defendant's ability to pay was a major factor in the parties' settlement negotiations, Defendant is willing to produce its financial documents to the court for in camera review upon request.

Plaintiff's counsel also reviewed defendant's insurance policies issued by Frankenmuth. Plaintiff raised some affirmative defenses in the declaratory judgment action. Frankenmuth responded to Plaintiff's affirmative defenses and subsequently produced additional documents. After review of Frankenmuth's additional document production, Plaintiff's counsel concluded that there was likely no coverage for the underlying case under the Frankenmuth policies.

Accordingly, Plaintiff's counsel negotiated with both Defendant and Frankenmuth to devise a comprehensive settlement that confers the maximum possible economic relief to all class members.

14. The strength of the claims asserted in this matter must be considered in light of Defendant's ability to pay. A judgment that is uncollectible is of no value to a plaintiff, his class, or his counsel. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of Exhibit 3 to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Greg's Greater Chicago Chiropractic, LLC as a Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iii) directs the faxing of the Class Notice and a Claim Form in the form of Exhibits 1-2 to the Settlement Agreement, (iv) sets

dates for submission of Claim Forms, opt-outs, appearances and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

                                                Respectfully submitted,

                                                s/ Heather Kolbus
                                                Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*Counsel for Plaintiff Greg's Greater Chicago Chiropractic, LLC*

**CERTIFICATE OF SERVICE**

      I, Heather Kolbus, certify that on March 2, 2015, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which will cause notification of such filing to be sent to the following:

      Anthony T. Eliseuson (anthony.eliseuson@dentons.com)
      William M. Gantz (bill.gantz@dentons.com)
      DENTONS US LLP
      233 S. Wacker Drive, Suite 7800
      Chicago, IL 60606

      Emily N. Norris (enorris@baughdaltonlaw.com)
      Jennifer E. Simms (jsimms@baughdaltonlaw.com)
      John D. Dalton (jdalton@baughdaltonlaw.com)
      BAUGH, DALTON, CARLSON, & RYAN, LLC
      135 S. LaSalle Street, Suite 2100

                                              s/ Heather Kolbus
                                              Heather Kolbus


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)