IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREG'S GREATER CHICAGO CHIROPRACTIC, LLC, on behalf of plaintiff and a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 13 C 6400 |
| v. | ) ) ) | Judge Chang Magistrate Judge Kim |
| MIDWEST NUTRITIONAL SERVICE, INC., and JOHN DOES 1-10, | ) ) ) | |
| Defendant. | ) | |

## ORDER FINALLY APPROVING SETTLEMENT

On March 20, 2015, this Court entered an order preliminarily approving the class action settlement (the "Preliminary Approval Order," Dkt. No. 78) between Plaintiff Greg's Greater Chicago Chiropractic, LLC on its own behalf and on behalf of the Settlement Class (as defined below), Defendant Midwest Nutritional Service, Inc. ("Midwest" or "Defendant") and defendant's insurer, Frankenmuth Mutual Insurance Company ("Frankenmuth") as memorialized in the Settlement Agreement between the Parties (the "Settlement Agreement" memorializing the "Class Action Settlement").

On July 30, 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those members with any objections to the Class Action Settlement. An opportunity to be heard was given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed Class Action Settlement. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support

1

of Final Approval of the Class Action Settlement, Plaintiff's Fee Petition, all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, Frankenmuth, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint, as amended (the "Litigation").

2. Plaintiff alleges in the Litigation that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), by transmitting unsolicited facsimile advertisements. As fully described in the Preliminary Approval Order and the Settlement Agreement, the Parties desire to settle the Litigation.

3. The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4. This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out (i.e. Douglas Lloyd Brown, M.D., S.C. ) ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

## Class Certification

5. The following class(the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

> All persons and entities with fax numbers who on or after September 6, 2009 through and including September 6, 2013, were sent faxes by or on behalf of Midwest Nutritional Service, Inc. promoting its goods or services for sale and/or promoting nutritional lectures or seminars, and who were not provided with an opt out notice as described in 47 U.S.C. § 227.

6. The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC meet the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(a)(4), the Court designates Plaintiff Greg's Greater Chicago Chiropractic, LLC as the class representative of the Settlement Class (the "Class Representative").

8. Pursuant to Rule 23(g), the Court appoints the following lawyers as class counsel: Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603 (together, "Settlement Class Counsel").

### Class Notice

9. Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to

notice of the Class Action Settlement. In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10. Defendant's Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b). The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11. A total of 165 valid and timely claim forms were submitted by Settlement Class Members.

### Objections and Opt-Outs

12. No objections were filed by Settlement Class Members.

13. One entity has validly requested exclusion from the Settlement Class. The entity that has validly requested exclusion and thereby opted out of the Class Action Settlement is: Douglas Lloyd Brown, M.D., S.C. Dkt. No. 87.

### Class Compensation

14. Pursuant to the terms of the Settlement Agreement, Defendant and its insurer, Frankenmuth shall collectively fund a total of $105,000 (the "Settlement Fund"). Defendant has advanced $5,000 for notice and administration expenses. The Settlement Fund shall be paid by no later than fourteen days after the Effective Date.

### Releases

15. Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases set forth in the Settlement Agreement. Those releases include any and all causes of action, suits, claims, or demands, in

4

law or in equity, known or unknown, which Plaintiff and Settlement Class Members now have, did have, or may have in the future against the Released Parties, as that term is defined in the Settlement Agreement, under any legal theory, arising from or in any way relating to the faxes sent on or after September 6, 2009 through and including September 6, 2013, by or on behalf of Midwest Nutritional Service, Inc. promoting its goods or services for sale and/or promoting nutritional lectures or seminars, and who were not provided with an opt out notice as described in 47 U.S.C. § 227 (the "Released Claims"). The Released Claims include, but are not limited to, all claims that were asserted or could have been asserted in the Litigation, including TCPA claims, other federal claims and any state law claims.

16. Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

17. The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims.

## Award of Attorneys' Fees, Costs and Incentive Award

18. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Settlement Class Counsel the sum of $33,750 as an award of attorney's fees to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable. Pursuant to the terms of the Preliminary Approval Order, Settlement Class Counsel shall not be reimbursed for any costs advanced to the Settlement Fund by Defendant for notice and administration expenses. Payment of Settlement Class Counsel's attorney's fees and costs

5

may be distributed from the Settlement Fund within twenty-eight (28) days following the Effective Date, as that date is defined in the Settlement Agreement.

19. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $4,000 to Greg's Greater Chicago Chiropractic, LLC. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This award may be distributed from the Settlement Fund within twenty-eight (28) days following the Effective Date, as that date is defined in the Settlement Agreement.

## Other Provisions

20. The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

21. Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendant, and shall not be offered or received into evidence in this Litigation, or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

22. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return the Settlement Fund, less any reasonable costs not exceeding $5,000 that were incurred for notice and administration, to

counsel of record for Defendants within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation or in any manner whatsoever. Until the Effective Date, no payments or distributions may be made from the Settlement Fund other than for class notice and administration expenses, unless approved by this Court.

23. In the Preliminary Approval Order, this Court ordered that Class-Settlement.com ("Class Administrator") be the class administrator. The Class Administrator shall make all claim payments to Settlement Class Members pursuant to the terms of the Settlement Agreement.

24. Within forty-five (45) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

25. Settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance. Any Settlement Class Member who does not negotiate the settlement check issued to them within sixty (60) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

26. Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient:

Legal Assistance Foundation of Metropolitan Chicago ("LAF"). Payment is due in accordance with the timing set forth in the Settlement Agreement.

27. Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by February 12, 2016.

28. Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by February 12, 2016. A hearing on the final accounting of the Class Action Settlement is set for February 18 , 2016, at 10:00 a.m.

29. Pursuant to Fed. R. Civ. P. 54(b), there is no just reason for the delay of the entry of final judgment with respect to the foregoing, and the Court certifies this order accordingly.

ENTER:

Dated: _____July 30, 2015_____      _____Edmond E. Chang_____
                                                          United States District Judge